UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| OSR Enterprises AG and OSR R&D ISRAEL LTD., <br><br> *Plaintiffs*, <br><br> -against- <br><br> REE Automotive Ltd., REE Automotive Holding, Inc. and REE Automotive USA Inc., <br><br> *Defendants*. | Civil Action No. 1:22-cv-01327 |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL
JURISDICTIONAL AND VENUE DISCOVERY**

As OSR established in its opening memorandum of law (ECF 35) ("Mem."), there are numerous open and contested issues of fact that require discovery to fully and fairly litigate REE's MTD—including, *inter alia*, contradictions between REE's own SEC disclosures and the vague assertions of REE's Texas-based COO, conflicting statements about REE USA and REE Holding's headquarters, and open issues concerning intercompany agreements and the various REE entities' employees, officers, partnerships, funding, and sales in the U.S. and Texas.

REE's opposition (ECF 38) ("Opp.") glosses over these fact issues, instead asserting that by seeking discovery, OSR asks the Court to "defy" the Supreme Court because REE filed a forum non conveniens ("FNC") motion. Opp. 1. Not so. Jurisdiction is decided first unless there is a facially obvious "textbook" case for FNC dismissal. That is far from the case here. Discovery is necessary for the FNC analysis too—including to determine REE's presence in the forum and the location and identity of key witnesses. Nor is this a case for FNC dismissal ***at all***, given that Israeli courts could not award OSR the extraterritorial injunctions OSR requires: REE's misappropriation is global, prioritizing the ***U.S.*** for manufacturing, fundraising, marketing and sales.

REE's contention that jurisdictional discovery is unwarranted because OSR purportedly engaged in improper "group pleading" relies on inapplicable standards for substantive motions to dismiss in cases with heightened pleading requirements. It is telling that REE's remaining arguments do not seek to rebut OSR's jurisdictional allegations, which establish the requisite "preliminary showing" of direct jurisdiction, but instead contest OSR's agency and alter ego theory, effectively conceding jurisdiction over at least ***some*** defendants. Here too, however, REE merely mischaracterizes OSR's allegations and the low standard OSR faces.

## ARGUMENT

**I.      *SINOCHEM* DOES NOT PRECLUDE DISCOVERY.**

As OSR details further in its opposition to REE's motion to stay (ECF 37), REE's primary

argument against discovery—that REE moved to dismiss on FNC grounds—relies on a gross mischaracterization of *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 435-36 (2007). ECF 37 at 3. REE's own case notes that "*Sinochem* [does not] change the general expectation that . . . courts address . . . jurisdiction at the outset in the 'mine run of cases,'" *Sangha v. Navig8 ShipMgmt. Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (quoting *Sinochem*, 549 U.S. at 436).[1] The Court only decided FNC first because, unlike here, it was a "textbook case" for FNC dismissal: claims between residents of China concerning misconduct in prosecuting a case long-pending in China. Many courts order jurisdictional discovery despite an FNC motion.[2]

REE is also incorrect that FNC factors "weigh heavily" towards dismissal—a critical prerequisite for deciding FNC first. Opp. 3. This is a global dispute (*see* ECF 37 at 7 & n.13) and the conduct OSR must enjoin—REE's manufacturing, marketing, and selling, directly and through Texas-based partners and dealers—is largely in the ***U.S.,*** in line with REE's "go-to-market" strategy (*see* ECF 37 at 2, 8-9). Further, Israel is an inadequate forum because OSR cannot enjoin U.S. conduct there or assert a claim under Israeli law. ECF 37 at 6; ECF 37-14.

---

[1] REE's other cases are also inapposite. *Ibarra v. Orica U.S.A. Inc.*, 493 F. App'x 489, 492 (5th Cir. 2012) (concerning injury from explosion in Mexico during transport from Mexican company's Mexican plant where, unlike here, the "facts related to [FNC] analysis were readily available"); *Arzola v. Orica USA, Inc.*, 2010 WL 11601269, at *3 n.2 (W.D. Tex. Sept. 30, 2010) (deciding FNC because of "overwhelming" factors but noting jurisdiction "normally" decided first in "mine run" of cases); *Zermeno v. McDonnell Douglas Corp.*, 246 F. Supp. 2d 646, 652, 660 (S.D. Tex. 2003) (involving "Mexican nationals" and "plane crashes in Mexico" and noting that deciding FNC first is merely "permissible"). *Wellogix, Inc. v. SAP Am., Inc.*, 648 F. App'x 398, 400 (5th Cir. 2016), *Morgan-Reinhart v. Van de Perre,* 2017 WL 1383933, at *9 (W.D. Tex. April 12, 2017), and *Saye v. First Specialty Ins. Co.,* 2014 WL 1386565, at *1 (N.D. Tex. April 9, 2014) involved forum selection clauses.

[2] *See, e.g.*, *Keane v. Hilton Rose Hall Resort & Spa*, 2022 WL 4271552, at *3 (S.D. Fla. Sept. 15, 2022) (ordering jurisdictional discovery and noting argument that "specific jurisdiction inquiry will inform . . . whether there are any pertinent witnesses or evidence in Florida that relate to this case"); *Foshee v. Banks*, 2022 WL 1284248, at *1 (S.D. Fla. Mar. 22, 2022) (noting grant of jurisdictional discovery); *Mireskandari v. Mayne*, 2016 WL 1165896, at *3 (C.D. Cal. Mar. 23, 2016) (same); *see also infra* n.5.

REE's conclusory and incorrect assertion that Israeli law applies relies on distinguishable non-DTSA cases, in which, *inter alia*, there was parallel litigation already proceeding in an alternate forum, unlike here. Opp. 5.[3] REE does not and cannot contest that the DTSA applies extraterritorially here. ECF 37 at 7. *See Luminati Networks Ltd. v. BIScience Inc.*, 2019 WL 2084426, at *10-11 (E.D. Tex. May 13, 2019) (DTSA applied extraterritorially despite claims that "all of the alleged occurrences supporting [plaintiff's] misappropriation claim 'took place between people in Israel . . . .'"). Thus, "no choice of law is required as to that claim." *See, e.g.*, *Inventus Power, Inc. v. Shenzhen Ace Battery Co.*, 2021 WL 1978342, at *7 (N.D. Ill. May 18, 2021). And OSR properly brought similar claims under Texas law, which REE has not moved to dismiss.[4]

Finally, discovery is critical to resolve both the jurisdictional and FNC inquiries, including factors relating to the State's interest in the case, REE's presence and operations, and third-party witnesses.[5] Discovery will illuminate, *inter alia*: (1) whether REE Automotive and REE Holding established a headquarters here, directly or through REE USA; (2) the identity and roles of U.S. employees and third-party witnesses; and (3) REE's U.S. intercompany, financing, partnerships, and dealership agreements to disclose, manufacture, sell, and service, the Trade Secrets. Mem. 10.

---

[3] *Logan Int'l v. 1556311 Alberta Ltd.*, 929 F. Supp. 2d 625, 633-34 (S.D. Tex. 2012) (pre-DTSA); *Conflict Kinetics, Inc. v. Goldfus*, 577 F. Supp. 3d 459, 465-66 (E.D. Va. 2021) (non-DTSA claim involving "attempt to interfere with [plaintiff's] contract with the Israeli military").

[4] *Cotiviti, Inc. v. HMS Holdings Corp.*, 2020 WL 13430177, at *2-3 (N.D. Tex. Sept. 8, 2020) (Texas law applied where, as here, defendant located in and conduct causing injury occurred in Texas, including misappropriation and unfair competition). Even if a choice of law analysis were necessary, "insofar as Plaintiffs allege their injury took place in multiple locations," this FNC factor is neutral. *Blum v. Gen. Elec. Co.*, 547 F. Supp. 2d 717, 735-36 (W.D. Tex. 2008).

[5] *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (a purpose of minimum contacts test is to "protect[] the defendant against the burdens of litigating in a[n] . . . inconvenient forum"); *UNC Lear Servs., Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 214 (5th Cir. 2009) (affirming denial of motion to dismiss on FNC grounds following FNC discovery); *Royal Ten Cate USA, Inc. v. TT Investors, Ltd.*, 562 F. App'x 187, 191 (5th Cir. 2014) (remanding to resolve open evidentiary issue concerning availability of witnesses).

## II. OSR MADE A PRELIMINARY SHOWING OF PERSONAL JURISDICTION

REE's obfuscations and mischaracterizations fail to show, as REE must, that it is "impossible" that discovery could add *any* significant facts. Mem. 3-4. REE first argues that OSR improperly engaged in "group pleading." But REE's cases involve motions to dismiss for failure to meet heightened pleading standards.[6] OSR need only make a "preliminary showing" of jurisdiction.[7] Even on substantive motions, "group pleading" does not merit dismissal where, as here, plaintiff "explained the basis for grouping the Defendants," given that they are a "group of linked entities" and prior to discovery, OSR "cannot be expected to know the exact nature of [their] connections." *Ellman v. MDOffice LLC*, 2022 WL 980640, at *2-4 (W.D. Tex. Mar. 31, 2022) (noting lower Rule 8 standard).[8] *See* Mem. 8-9 (describing collective actions of defendants). REE's argument only highlights the need for discovery given its sole possession of key facts (Mem. 3), including, among many other issues, on the relationship among defendants whose disclosures represent that REE operates through foreign subsidiaries, *i.e.*, REE Holding and REE USA, and otherwise group defendants, as Tech likewise does. Mem. 8 & n.7; *see also id.* 5, 6-8, 9, 10 n.8.

REE's remaining arguments focus instead on agency and alter ego—effectively conceding, as REE must, that the Court has jurisdiction over *some* REE entities and thus the need for discovery

---

[6] *See Armstrong v. Ashley*, 60 F.4th 262, 275 (5th Cir. 2023) (Section 1983 pleading); *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 363 (5th Cir. 2004) (PSLRA pleading).

[7] *See Motorcar Parts of Am., Inc. v. FAPL Holdings Inc.*, 2015 WL 12746204, at *3 (C.D. Cal. Feb. 6, 2015) ("unless a control person allegation is 'frivolous,' whether or not Plaintiff can state control person claims . . . is somewhat beside the point at the jurisdictional stage."); *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 314 (E.D.N.Y. 2014) (granting jurisdictional discovery based on individual defendant's high-level position at corporate defendant).

[8] *See also Fleet Connect Sols. LLC v. S. Tire Mart, LLC*, 2023 WL 3105139, at *2 (E.D. Tex. Apr. 8, 2023) (group pleading proper where there is a "corporate relationship"); *Axmann v. U.S. Anesthesia Partners Holdings, Inc.*, 2023 WL 416420, at *1 n.1 (N.D. Tex. Jan. 25, 2023) (same where defendants "regularly operate collectively").

concerning, *inter alia*, defendants' internal relationship and external arrangements with Texas dealers and partners. Further, OSR need not "***establish*** jurisdictional veil-piercing" (Opp. 8 (emphasis added)) or agency, as REE argues, but only make a preliminary showing.

REE mischaracterizes OSR's alter ego allegations as "speculation" "based on mere shared ownership." Opp. 10. OSR's allegations—actually taken from REE's own disclosures and public statements—are not limited to "mere shared ownership," but concern, *inter alia*, REE's finances and consolidated reporting and decision-making. Mem. 8-10; AC ¶¶262-67.[9] REE also ignores OSR's agency allegations, including, *inter alia*, how REE Automotive acts through subsidiaries and directly controls their manufacturing process with cloud computing and robotics. Mem. 7-9.[10]

Finally, REE unavailingly complains that OSR did not undergo a full minimum contacts analysis under Rule 4(k)(2) in this discovery motion, again seeking to hold OSR to a standard beyond a preliminary showing. The AC, however, amply describes REE's numerous contacts with the U.S. as a whole—the only country from which REE appears to be selling the REEPlatform through its Texas partners and U.S. and Texas-based dealerships. AC ¶¶213-28.[11]

## CONCLUSION

OSR respectfully requests that the Court grant its motion.

---

[9] The majority of REE's cases involve allegations that touch on only one or two factors, unlike here. Opp. 8-9 n.7-12. *Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 594-95 (5th Cir. 1999), addressed summary judgment based on record evidence on alter ego ***substantive*** liability—a higher standard (Mem. 9)—and did not involve, *inter alia*, combined decision making. *Fellowship Filtering Techs., LLC v. Alibaba.com, Inc.*, 2016 WL 6917272, at *2 (E.D. Tex. Sept. 1, 2016), is distinguishable and plaintiff was *permitted* discovery.

[10] REE cites *Orloff v. Saipem, Inc.*, 280 F. Supp. 2d 620, 623 (S.D. Tex. 2003) (Opp. 9), in which the plaintiff claimed he was injured working for a Saudi subsidiary of an Italian company but sued a Texas subsidiary with no involvement. Here, REE Automotive acts "through its subsidiaries in various countries," (Mem. 8 n.7.), to misappropriate the Trade Secrets.

[11] *See Crescent Towing & Salvage Co. v. M/V Jalma Topic*, 2022 WL 7539743, at *6-8 (E.D. La. Oct. 13, 2022) (granting discovery based on Rule 4(k)(2) preliminary showing concerning, *inter alia*, servicing defective product by U.S. technicians).

Dated:  May 25, 2023                                  Respectfully submitted,

**KASOWITZ BENSON TORRES LLP**

**By:**

*/s/ Paul J. Burgo*
Marc E. Kasowitz
(admitted pro hac vice)
Paul J. Burgo
(admitted pro hac vice)
Daniel J. Koevary
(admitted pro hac vice)
Rachel Bandli
(admitted pro hac vice)
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
Facsimile:  (212) 506-1800

mkasowitz@kasowitz.com
pburgo@kasowitz.com
dkoevary@kasowitz.com
RBandli@kasowitz.com

Constantine Z. Pamphilis
Attorney in Charge
1415 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: (713) 220-8800
Facsimile: (713) 222-0843

DPamphilis@kasowitz.com

*Attorneys for Plaintiffs OSR Enterprises AG and OSR R&D Israel Ltd.*

6

## **CERTIFICATE OF SERVICE**

      I certify that on May 25, 2023 the foregoing document was filed with the Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                         */s/ Paul J. Burgo*
                                                         Paul J. Burgo