# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| OSR Enterprises AG and <br> OSR R&D Israel Ltd., <br> *Plaintiffs* <br><br> v. <br><br> REE Automotive Ltd., <br> REE Automotive Holding, Inc., and <br> REE Automotive USA Inc., <br> *Defendants* | § § § § § § § § § § | Case No. 1:22-CV-01327-DII |

## ORDER

Now before the Court are Defendants' Opposed Motion for Protection from Discovery, or in the Alternative, to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss for Forum Non Conveniens, filed March 31, 2023 (Dkt. 25); Plaintiffs' Opposed Motion to Compel Jurisdictional and Venue Discovery and for an Extension of Time to File Plaintiffs' Opposition Brief to the Motion to Dismiss or to Stay the Court's Ruling until Such Discovery Occurs, filed May 12, 2023 (Dkt. 35); and the associated response and reply briefs. The District Court referred the motions to this Magistrate Judge for resolution, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 26; Text Order entered May 15, 2023.

### I.   Factual and Procedural Background

Plaintiffs OSR Enterprises AG, a Swiss corporation, and OSR R&D Israel LTD, an Israeli corporation ("OSR"), bring claims against Defendants REE Automotive Ltd., REE Automotive Holding, Inc., and REE Automotive USA Inc. ("REE") for trade secret misappropriation under

federal and Texas state law, unfair competition, and civil conspiracy.[1] Amended Complaint, Dkt. 28. REE moved to dismiss the claims for *forum non conveniens*, lack of personal jurisdiction, and statute of limitations. Dkt. 34.[2] Under the District Court's Order entered April 28, 2023, the deadline for OSR to file its response in opposition to REE's motion to dismiss was June 7, 2023. Dkt. 33.

OSR moves the Court for (1) jurisdictional and venue discovery, and (2) an extension of its deadline to respond to REE's motion to dismiss or, alternatively, a stay of the Court's ruling on that motion. REE asked the Court to either stay all discovery pending resolution of its motion to dismiss or, in the alternative, "limit discovery to only jurisdictional considerations." Dkt. 25 at 2.

On May 26, 2023, the Court entered an order staying all discovery and the June 7, 2023 deadline for OSR to file a response to REE's motion to dismiss pending a hearing on the discovery motions, set for July 18, 2023. Dkt. 41. Four days before the hearing, Defendants filed REE Automotive's Notice of Withdrawal of Personal Jurisdiction Arguments in Its Motion to Dismiss the Amended Complaint. Dkt. 47. REE states that it "withdraws the personal-jurisdiction-based defenses raised in its Motion to Dismiss the Amended Complaint. Accordingly, without any personal-jurisdiction-based challenges now before the Court, resolving REE Automotive's Motion to Dismiss the Amended Complaint requires no discovery at all." *Id.* at 3 (paragraph number omitted). REE does not withdraw its motion to stay discovery, "given it opposes *all* discovery." *Id.* at 4 n.1.

---

[1] Plaintiffs allege that REE Automotive Ltd. is a corporation organized under the laws of Israel with its principal place of business in Tel-Aviv and headquarters for its U.S. operations in Pflugerville, Texas; Ree Automotive Holding Inc. is a corporation organized under the laws of Delaware with its principal place of business in Tel-Aviv and headquarters for its U.S. operations in Pflugerville, Texas; and REE Automotive USA Inc., a wholly owned subsidiary of REE Automotive Ltd., is a corporation organized under the laws of Delaware with its headquarters and principal place of business in Pflugerville, Texas. Dkt. 18 ¶¶ 39-41.

[2] The District Court referred REE's motion to dismiss to this Magistrate Judge for a report and recommendation by Text Order entered May 25, 2023.

The next business day – the Monday before the Tuesday hearing – OSR argued in response that "discovery remains necessary to resolve the many open and disputed issues of fact critical to the FNC inquiry." Dkt. 48 at 1. OSR asks the Court to (1) order REE to respond to OSR's jurisdictional discovery requests and provide Rule 30(b)(6) deposition(s), and (2) "extend OSR's time to respond to the Motion and/or grant OSR leave to amend its complaint prior to ruling so that OSR may incorporate facts learned from such discovery." Dkt. 35 at 4.

The Court proceeded with the hearing as set on July 18, 2023, and heard arguments from counsel for both Plaintiffs and Defendants. After considering the entire case file, relevant case law, and arguments during the hearing, the Court enters the following order.

## II.  Analysis

Because REE has withdrawn its challenge to personal jurisdiction, the question before the Court is whether OSR is entitled to discovery on REE's motion to dismiss for inconvenient forum.

Federal courts have discretion to dismiss actions under the common-law doctrine of *forum non conveniens* in some circumstances if there is an alternative forum abroad.  *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996); *Am. Dredging Co. v. Miller*, 510 U.S. 443, 448-49 & n.2 (1994). A court can dismiss under the doctrine before definitively ascertaining its own jurisdiction. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 435-36 (2007). In general, "the central focus of the *forum non conveniens* inquiry is convenience," and "dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981). The party seeking dismissal bears the burden of persuasion on all elements of the *forum non conveniens* analysis. *Tellez v. Madrigal*, 223 F. Supp. 3d 626, 633-34 (W.D. Tex. 2016).

If the defendant demonstrates "the existence of an available and adequate alternative forum," *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003), the court considers "private interest factors," including but not limited to:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (3) probability of an opportunity to view the premises, if view would be appropriate to the action; and (4) other factors affecting the ease, speed, and expense of trial or the enforceability of a judgment if obtained.

*Morales v. Ford Motor Co.*, 313 F. Supp. 2d 672, 673-74 (S.D. Tex. 2004) (quoting *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir. 1993)). If these factors counsel dismissal, a court need proceed no further. *Id.* at 674. If not, the court proceeds to examine a series of "public interest factors," including but not limited to:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies resolved at home; (3) the interest in having the trial of a diversity case in the forum that is familiar with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Baumgart*, 981 F.2d at 837 n.14.

A *forum non conveniens* dismissal "must be based on the finding that, when weighed against plaintiff's choice of forum, the relevant public and private interests strongly favor a specific, adequate and available alternative forum." *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245 (5th Cir. 1983). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should be disturbed only rarely. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). But the presumption in favor of the plaintiff's choice of forum applies with less force where, as here, the plaintiffs are foreign. *Blum v. General Elec. Co.*, 547 F. Supp. 2d 717, 726 (W.D. Tex. 2008).

> Courts normally will deny a motion for extensive discovery on a forum non conveniens motion and often will decide the issue on affidavits alone. This approach is consistent with the purpose of the forum non conveniens doctrine, which is to protect defendants and the federal courts from expending resources on matters having little connection to this country from litigation in an inconvenient forum.

RICHARD D. FREER, 14D FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 3828 (4th ed. updated July 7, 2023) (footnote omitted). Indeed, requiring extensive investigation would defeat the purpose of a *forum non conveniens* motion. *Piper Aircraft*, 454 U.S. at 258.

Applying these standards, the Court agrees with REE that the discovery OSR seeks, much of which was directed to the now-moot issue of jurisdiction, is far broader than necessary to permit OSR to respond to REE's motion to dismiss for *forum non conveniens*. Indeed, OSR already has responded to the substance of that motion in its response opposing REE's motion for protection from discovery. *See* Dkt. 37.

Nonetheless, at the hearing, REE identified three categories of discovery that may relate to the pending motion:

1. Primary language of witnesses.
2. Location of witnesses, particularly non-party witnesses.
3. Whether witnesses are willing to come to the United States to testify and whether doing so would be unduly burdensome.

The Court agrees and hereby **ORDERS** REE to disclose this information to OSR **on or before August 8, 2023**.

The Court also finds that limited portions of certain of OSR's discovery requests may be relevant to the second "public interest factor," the "local interest in having localized controversies resolved at home." *Baumgart*, 981 F.2d at 837 n.14. Accordingly, the Court hereby **ORDERS** REE to respond to the following interrogatories **on or before August 25, 2023**:

**Interrogatory No. 5:** Identify any sales, marketing, servicing, and/or partnership agreements between or among REE and any United States-based entity, including but not limited to EAVX, LLC and any Authorized Dealers, including the nature of the arrangement, dates on which each of those agreements or relationships were executed or began, and the dates on which each terminated (if terminated).

**Interrogatory No. 6:** Describe any grants or other funding (excluding funding obtained in connection with REE Automotive's merger with 10X Capital Venture Acquisition Corp. in 2021), whether contingent or not, obtained by any Defendant from U.S.-based organizations or governments.

### III.   Conclusion

As detailed above, the Court **GRANTS IN PART and DENIES IN PART** both Defendants' Opposed Motion for Protection from Discovery, or in the Alternative, to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss for Forum Non Conveniens (Dkt. 25) and Plaintiffs' Opposed Motion to Compel Jurisdictional and Venue Discovery and for an Extension of Time to File Plaintiffs' Opposition Brief to the Motion to Dismiss or to Stay the Court's Ruling until Such Discovery Occurs (Dkt. 35).

Except for any other discovery to which the parties may mutually agree, all discovery not listed above remains **STAYED** pursuant to the Court's Order entered May 26, 2023. Dkt. 41.

OSR has until **September 22, 2023** to file its Response to Defendants' Motion to Dismiss Amended Complaint for Forum Non Conveniens, Lack of Personal Jurisdiction, and Statutes of Limitations (Dkt. 34). OSR's Response shall be no longer than **30 pages**.

**SIGNED** on July 24, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE