# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **OSR Enterprises AG and** § <br> **OSR R&D Israel Ltd.,** § <br>     *Plaintiffs* § <br> § <br>   v. § <br> § <br> **REE Automotive Ltd.,** § <br> **REE Automotive Holding, Inc., and** § <br> **REE Automotive USA Inc.,** § <br>     *Defendants* § | Case No. 1:22-CV-01327-ADA |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ALAN D. ALBRIGHT**
   **UNITED STATES DISTRICT JUDGE**

Now before the Court are:

- Defendants' Motion to Dismiss Amended Complaint for Forum Non Conveniens, Lack of Personal Jurisdiction, and Statutes of Limitations, filed May 3, 2023 (Dkt. 34);

- Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss for Forum Non Conveniens and Statute of Limitations, filed November 1, 2023 (Dkt. 60) (redacted);

- Defendants' Reply Brief in Support of Their Motion to Dismiss the Amended Complaint, filed November 6, 2023 (Dkt. 61) (redacted);

- Defendants' Unopposed Motion to File under Seal, filed November 14, 2023 (Dkt. 64);

- Plaintiffs' Partially Opposed Motion to Strike Or, Alternatively, for Leave to File a Sur-Reply in Further Opposition to Defendants' Motion to Dismiss (Dkt. 66) and Proposed Sur-Reply (Dkt. 68) (redacted), filed November 17 and 22, 2023;

- Defendants' Response in Opposition to Plaintiffs' Opposed Motion to Strike Or, in the Alternative, to File a Sur-Reply in Further Opposition to Defendants' Motion to Dismiss, filed December 1, 2023 (Dkt. 69); and

- Plaintiffs' Reply to Their Motion to Strike, filed December 8, 2023 (Dkt. 70).[1]

---

[1] The District Court referred Defendants' motion to dismiss to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Text Order entered May 25, 2023.

## I. Background

Plaintiffs OSR Enterprises AG, a Swiss corporation, and OSR R&D Israel LTD, an Israeli corporation (together, "OSR"), bring claims against Defendants REE Automotive Ltd., REE Automotive Holding, Inc., and REE Automotive USA Inc. ("REE")[2] for trade secret misappropriation under federal and Texas state law; unfair competition by misappropriation of confidential information not considered trade secrets under Texas common law; and civil conspiracy. Amended Complaint, Dkt. 28. OSR demands $2.6 billion in compensatory damages, $5.2 billion in exemplary damages, and injunctive relief. *Id.*

OSR alleges that REE stole its technology, including source code and other proprietary files, to develop a platform for electric vehicles. OSR also alleges that REE "induced at least nine former OSR employees to join REE in breach of their contractual agreements with, and fiduciary duties to, OSR," including Ohad Stauber, OSR's former head of research and development. Dkt. 28 ¶ 3. All nine of those former employees reside in Israel, worked for OSR in Israel, and were hired to work for REE in Israel. *See* Declaration of Joshua Tech, Dkt. 34-1 ¶ 3. OSR alleges that "a special team of the Israeli police's cybercrime division, together with the head of the division and with the guidance of an Israeli district attorneys' office," is investigating REE and Stauber in Israel "under suspicion of theft and computer crimes." Dkt. 28 ¶ 249.

REE asked the Court to stay discovery until it resolved REE's motion to dismiss for *forum non conveniens* and lack of personal jurisdiction. Dkt. 25. OSR then moved to compel jurisdictional and venue discovery, and REE withdrew its challenge to personal jurisdiction. Dkts. 35 and 47.

---

[2] Plaintiffs allege that REE Automotive Ltd. is a corporation organized under the laws of Israel with its principal place of business in Tel-Aviv and headquarters for its U.S. operations in Pflugerville, Texas; Ree Automotive Holding Inc. is a corporation organized under the laws of Delaware with its principal place of business in Tel-Aviv and headquarters for its U.S. operations in Pflugerville; and REE Automotive USA Inc., a wholly owned subsidiary of REE Automotive Ltd., is a corporation organized under the laws of Delaware with its headquarters and principal place of business in Pflugerville. Dkt. 28 ¶¶ 39-41.

After a hearing, this Magistrate Judge issued an order granting in part and denying in part the parties' motions. Dkt. 50. The Court ordered OSR to disclose three categories of discovery:

1. Primary language of witnesses;
2. Location of witnesses, particularly non-party witnesses; and
3. Whether witnesses are willing to come to the United States to testify and whether doing so would be unduly burdensome.

The Court also ordered REE to respond to two interrogatories:

**Interrogatory No. 5:** Identify any sales, marketing, servicing, and/or partnership agreements between or among REE and any United States-based entity, including but not limited to EAVX, LLC and any Authorized Dealers, including the nature of the arrangement, dates on which each of those agreements or relationships were executed or began, and the dates on which each terminated (if terminated).

**Interrogatory No. 6:** Describe any grants or other funding (excluding funding obtained in connection with REE Automotive's merger with 10X Capital Venture Acquisition Corp. in 2021), whether contingent or not, obtained by any Defendant from U.S.-based organizations or governments.

Except for this information and any other discovery by agreement of the parties, all discovery has been stayed since May 26, 2023. Dkt. 41.

The Court addresses the parties' pending motions to seal and strike before turning to the merits of REE's motion to dismiss.

## II.   OSR's Motion to Strike or File Sur-Reply

OSR asks the Court to either strike REE's reply brief or grant it leave to file a sur-reply because REE's reply "includes reams of new evidence improperly introduced for the first time on reply," including 28 pages of declaration and 239 pages of exhibits, and also circumvents the Court's page limit. Dkt. 66 at 4. The Court **GRANTS IN PART** Plaintiffs' Partially Opposed Motion to Strike Or, Alternatively, for Leave to File a Sur-Reply in Further Opposition to Defendants' Motion to Dismiss (Dkt. 66) to the extent that OSR may file, and the Court has considered, OSR's Proposed Sur-Reply (Dkts. 66-1 and 68 (redacted)) and supplemental declaration in support (Dkt. 66-2).

3

### III.     REE's Motion to Seal

In Defendants' Unopposed Motion to File under Seal (Dkt. 64), REE seeks leave to file under seal unredacted copies of its reply brief and four exhibits in support. The Court **DENIES** the motion to seal and **ORDERS** the Clerk to strike from the record the documents filed at Dkts. 64-1 and 64-3. The Court further **ORDERS** REE to refile the motion only as to its reply brief and Exhibit B, which are designated "Confidential – Outside Attorneys' Eyes Only" and comprise material redacted from the public docket. *See* Dkts. 61 and 61-2. Exhibits to the reply brief A (Dkt. 61-1), C (Dkt. 61-3), and D (Dkt. 61-4) contain no redactions and include publicly available documents that cannot be filed under seal. *See, e.g.*, *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021) ("Judicial records are public records. And public records, by definition, presume public access.").

### IV.     *Forum Non Conveniens*

Federal courts have discretion to dismiss actions under the common-law doctrine of *forum non conveniens* in some circumstances if there is an alternative forum abroad. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996); *Am. Dredging Co. v. Miller*, 510 U.S. 443, 448-49 & n.2 (1994). A court can dismiss under the doctrine before definitively ascertaining its own jurisdiction. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 435-36 (2007).

The essence of the *forum non conveniens* doctrine is that a court may decline jurisdiction and dismiss a case if it could be tried more conveniently in another forum. *In re Volkswagen of Am.*, 545 F.3d 304, 313 (5th Cir. 2008). In general, "the central focus of the *forum non conveniens* inquiry is convenience," and "dismissal will ordinarily be appropriate where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v.*

*Reyno*, 454 U.S. 235, 249 (1981). A motion to dismiss based on *forum non conveniens* is reviewed for a "clear abuse of discretion." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 211 (5th Cir. 2010). The party seeking dismissal bears the burden of persuasion on all elements of the analysis. *Tellez v. Madrigal*, 223 F. Supp. 3d 626, 633-34 (W.D. Tex. 2016).

In the Fifth Circuit, a *forum non conveniens* analysis involves a three-step inquiry. *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir. 1993). First, the defendant must demonstrate "the existence of an available and adequate alternative forum," *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003). The second step in the analysis requires a balancing of "private interest factors," including but not limited to:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (3) probability of an opportunity to view the premises, if view would be appropriate to the action; and (4) other factors affecting the ease, speed, and expense of trial or the enforceability of a judgment if obtained.

*Morales v. Ford Motor Co.*, 313 F. Supp. 2d 672, 673-74 (S.D. Tex. 2004) (quoting *Baumgart*, 981 F.2d at 835). If these factors counsel dismissal, a court need proceed no further. *Id.* at 674. If not, the court examines a series of "public interest factors," including but not limited to:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies resolved at home; (3) the interest in having the trial of a diversity case in the forum that is familiar with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Baumgart*, 981 F.2d at 837 n.14.

A *forum non conveniens* dismissal "must be based on the finding that, when weighed against plaintiff's choice of forum, the relevant public and private interests strongly favor a specific, adequate and available alternative forum." *Veba-Chemie A.G. v. M/V Getafix*, 711 F.2d 1243, 1245 (5th Cir. 1983). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of

5

forum should rarely be disturbed. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 796 (5th Cir. 2007). But the presumption in favor of the plaintiff's choice of forum "applies with less force where the plaintiffs are foreign." *Blum v. General Elec. Co.*, 547 F. Supp. 2d 717, 726 (W.D. Tex. 2008). Here, Plaintiffs are Swiss and Israeli entities, so the Court accords their choice of forum less deference.

Having carefully considered the nearly 150 pages of briefing and more than 1,200 pages of evidence submitted by the parties, including dueling expert declarations, this Magistrate Judge finds that Israel would be a more convenient forum for this dispute and recommends dismissal.

**A. Israel Is an Available and Adequate Alternative Forum**

The Court first addresses whether Israel is an available and adequate alternative forum. Forum availability and adequacy are separate inquiries. *Vasquez*, 325 F.3d at 671.

**1. Israel is an Available Forum**

"An alternative forum is considered available if the entire case and all parties can come within its jurisdiction." *Id.*; *see also Piper*, 454 U.S. at 254 n.22 (stating that availability prong ordinarily "will be satisfied when the defendant is 'amendable to process' in the other jurisdiction"). All three Defendants consent to service in Israel, Dkt. 34 at 9, and OSR does not contest that Israel is an available alternative forum.[3] The Court finds that Israel is an available alternative forum.

**2. Israel is an Adequate Forum**

A foreign forum is adequate

> when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy all the benefits of an American court. The substantive law of the foreign forum is presumed to be adequate unless the plaintiff makes some showing to the contrary, or unless conditions in the

---

[3] Although this is sufficient to show that Israel is an available forum, the Court also observes that Defendant REE Automotive is a corporation organized under the laws of Israel, with its principal place of business at Kibbutz Glil-Yam. Tech Decl., Dkt. 34-1 ¶ 3. Defendants admit that because REE Automotive and REE Holding operate from Israel, they are subject to service of process there. Dkt. 34 at 9; Dkt. 28 ¶¶ 39-40.

> foreign forum made known to the court, plainly demonstrate that the plaintiff is highly unlikely to obtain basic justice there.

*DTEX*, 508 F.3d at 796 (cleaned up). Adequacy does not require that the alternative forum provide the same relief as an American court. *Id.* Rather, an alternative forum is adequate except in "rare circumstances" where the remedy it would provide is "so clearly inadequate or unsatisfactory that it is no remedy at all," as when the forum "does not permit litigation of the subject matter of the dispute." *Piper*, 454 U.S. at 254 & n.22.

"Courts routinely hold that Israel is a proper forum and dismiss cases on the grounds that it would be more appropriate to hear a case in Israel." *Israel Disc. Bank v. Schapp*, 505 F. Supp. 2d 651, 659 (C.D. Cal. 2007), *aff'd sub nom. Israel Disc. Bank, Ltd. v. Schnapp*, 321 F. App'x 700 (9th Cir. 2009). REE submits an opinion from an Israeli attorney that OSR "would have similar claims and remedies available to them before the Israeli courts" as in the United States. April 28, 2023 Declaration of Tamir Afori, Dkt. 34-2 ¶ 9. Ree also cites cases in which courts have found Israel to be an available forum for trade secret disputes because trade secrets are protected under Israeli commercial torts law, even though the regime may not be identical to that of the United States. *See Conflict Kinetics, Inc. v. Goldfus*, 577 F. Supp. 3d 459 (E.D. Va. 2021) (granting motion to dismiss for *forum non conveniens* in case under Virginia trade secret act); *Path to Riches, LLC ex rel. M.M.T. Diagnostics (2014), Ltd. v. CardioLync, Inc.*, 290 F. Supp. 3d 280 (D. Del. 2018) (same under federal trade secrets act); *cf. Logan Int'l Inc. v. 1556311 Alberta Ltd.*, 929 F. Supp. 2d 625 (S.D. Tex. 2012) (dismissing trade secret case where Canada was more convenient forum).

OSR argues that Israel is not an adequate alternative forum for four reasons: (1) Israel cannot adjudicate or enjoin extraterritorial conduct; (2) there is a significant question about whether OSR has an unfair competition claim in Israel; (3) former employees may assert privilege in an Israeli action; and (4) Israel is at war.

### a. Extraterritoriality

OSR brings its only federal claim under the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836(b)(1). OSR argues that Israel is an inadequate forum because "it is very unlikely that Israeli law—unlike the DTSA—would address REE's extraterritorial misappropriation or permit critical extraterritorial injunctions, whether against REE itself or its partners, distributor/dealers, and agents." Dkt. 60 at 22-23. REE responds with opinion evidence that the Israeli Supreme Court has affirmed an extraterritorial injunction to prevent copyright infringement in the United States. Afori Rebuttal Declaration, Dkt. 61-1 ¶¶ 16 & n.5, 22.

A civil claim for misappropriation of trade secrets under the DTSA requires: "(1) a trade secret; (2) misappropriation; and (3) use in interstate commerce." *N. Am. Deer Registry, Inc. v. DNA Sols., Inc.*, No. 4:17-CV-00062, 2017 WL 2120015, at *6 (E.D. Tex. May 16, 2017) (citing 18 U.S.C. § 1836(b)(1)). OSR relies on *Luminati Networks Ltd. v. BIScience Inc.*, No. 2:18-CV-00483-JRG, 2019 WL 2084426, at *10-11 (E.D. Tex. May 13, 2019), in which the court considered allegations that the defendant used in the United States trade secrets allegedly stolen in Israel sufficient to state a claim under the DTSA.

In construing the public interest factors, the District Court for the District of Delaware recently found that the presence of a DTSA claim weighs somewhat against a *forum non conveniens* transfer, but also noted that "[t]he question of the extent to which the civil cause of action under the DTSA would extend to extraterritorial acts of the sort at issue in this case has not been conclusively resolved." *Wit Software v. Talkdesk, Inc.*, No. 23-94-WCB, 2023 WL 3454193, at *9 n.10 (D. Del. May 15, 2023) (citing *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 435 F. Supp. 3d 1150, 1157-63 (N.D. Ill. 2020)). Nonetheless, the court found the alternative forum (Portugal) to be adequate and granted the motion to dismiss *forum non conveniens*. *Id.* at *5, 10.

8

As stated, numerous courts have found Israel to be an available forum for trade secret disputes. The Court finds that any uncertainty around the extraterritorial reach of Israeli courts does not rise to a showing that "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper*, 454 U.S. at 254. Therefore, it does not render Israel an inadequate forum for this dispute.

### b. Unfair Competition

Second, OSR argues that Israel is an inadequate forum for its unfair competition claim under Texas law "because there is a significant question . . . of whether its claim is cognizable there." Dkt. 60 at 24. OSR alleges its unfair competition claim separately from its trade secret claims under the DTSA and Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code Ann. § 134A. OSR submits a declaration from Israeli lawyer Avi Ordo, who avers that he is "unaware of caselaw where misappropriation of confidential information not amounting to trade secret was acknowledged as a cause of action outside the context of an employer-employee relationship." Declaration of Avi Ordo, Dkt. 59-92 ¶ 13.3. REE responds by arguing that OSR's unfair competition claim under Texas common law is time-barred.

OSR filed its original complaint on December 16, 2022. Dkt. 1. OSR asserts that its unfair competition claim is governed by the three-year statute of limitations in Section 16.010 of the Texas Civil Practice and Remedies Code, titled "Misappropriation of Trade Secrets." OSR asserts that its claim is timely because it "did not know it had a claim against REE prior to December 16, 2019," since Stauber did not join REE until December 20, 2019. Dkt. 60 at 37-38. But as REE observes, OSR's unfair competition claim under Texas common law is limited to confidential information *other than* trade secrets and so is governed by the two-year statute of limitations for unfair competition in Section 16.003(a) of the Texas Civil Practice and Remedies Code.

REE also argues that trade secrets may be more broadly recognized in Israel than the United States. Dkt. 61 at 11. REE submits evidence that under Israeli law, non-public commercial information can qualify as a trade secret, offering protection for information that would not qualify under U.S. law. Afori Decl., Dkt. 34-2 ¶ 12.

On the facts presented, it is unclear whether OSR's unfair competition claim is viable in either Texas or Israel. As with OSR's first argument, the Court finds that the questions raised about the viability of OSR's unfair competition claim in both this forum and in Israel do not show that the latter is inadequate because it "does not permit litigation of the subject matter of the dispute." *Piper*, 454 U.S. at 254 n.22.

### c. Privilege

Next, OSR argues that this case should not be transferred because Stauber and its other former employees will exercise any self-incrimination privilege from testimony based on the Israeli criminal investigation but cannot assert immunity in the United States. REE responds with its expert's opinion that under Israeli law, a witness likely would refuse to provide testimony relating to the investigation in either Israel or the United States because he could be found criminally liable in Israel for obstruction of justice. Afori Rebuttal Decl., Dkt. 61-1 ¶ 56. He also states that if OSR's former employees are found criminally liable in Israel, "findings of facts that were material to that criminal judgment would be admissible and binding against [the] same employees or their substitute parties or anyone whose liability derives from the liability of the convicted employees." *Id.* ¶ 55. The Court agrees with Afori that: "If indeed there is an investigation in Israel regarding the same facts that are claimed in this lawsuit, the obvious and natural response would be that the same legal system should determine the civil aspects of the same dispute." *Id.* ¶ 54. Israel is not an unavailable forum because a criminal investigation of the same conduct is ongoing there.

10

### d. Israel-Hamas War

Finally, the parties dispute the effect of Israel's war with Hamas militants in Gaza on the convenience analysis. OSR argues that because Israel is at war, "[i]t is unsafe for travel and its courts are temporarily closed except for emergency applications, which, if extended, at minimum, may create a substantial backlog." Dkt. 60 at 25.[4] REE contends that the war "will make it *harder* to ask Israeli witnesses to leave their homes and families behind to participate in an action pending across the world." Dkt. 61 at 6. REE also argues that the war "only increases the need for having immensely delicate considerations—like deciding who among those serving or living in Israel can participate, to what extent, and when—handled by a court *in Israel*, which continue to operate, without any further interruptions during this crisis." *Id.* at 6-7. In sur-reply, OSR argues that the challenges "involved in *leaving* Israel, such as missile attacks, apply doubly for travel *into* Israel." Dkt. 68 at 7.

The circumstances of the Israel-Hamas war are tragic, and with Israeli businesses and citizens on both sides of this case, both parties raise legitimate concerns about its impact on this litigation. But the war's duration is unknown, and it would require significant speculation to conclude that the war will impede the functioning of the Israeli legal system to such an extent that "conditions in the foreign forum . . . plainly demonstrate that the plaintiff is highly unlikely to obtain basic justice there." *DTEX*, 508 F.3d at 796. This Magistrate Judge recommends that the District Court include in its order a return jurisdiction clause should litigation in Israel become impossible.

The Court finds that REE has met its burden to show that Israel is an available and adequate alternative forum.

---

[4] Israeli courts were closed, with limited exceptions, until November 30, 2023. Ordo Sur-Reply Declaration, Dkt. 66-2 ¶¶ 42-43. REE's expert opines that although cases were stayed: "This short delay will not have any effect on the functioning of the Israeli courts." Afori Rebuttal Decl., Dkt. 61-1 ¶ 40.

11

## B.  Private Interest Factors Support Dismissal

If a court finds that an alternative forum is both available and adequate, "it next must weigh various private interest factors." *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 380 (5th Cir. 2002). OSR argues that the private interest factors focus on the location of third-party witnesses and evidence, while REE encourages the Court to consider the locus of the alleged culpable conduct and determine what evidence is critical to OSR's cause of action. The Court finds that all these considerations support dismissal. REE's alleged theft of OSR's trade secrets took place in Israel, and while OSR identifies witnesses and evidence located in the United States and many other countries, almost none is located within the Western District of Texas.

### 1.  Relative Ease of Access to Sources of Proof

The Court first considers the relative ease of access to sources of proof. REE submits that most, if not all, documentary evidence related to its intellectual property is in Israel. OSR argues that most third-party evidence is located outside of Israel, including from REE's U.S. development and manufacturing partners; regulatory approval agents in the United States and United Kingdom; former REE employees in the United States and United Kingdom; and New York-based 10X, formerly known as REE Holdings, and the U.S. companies that assisted with 10X's merger with REE. *See* Dkt. 60 at 12. OSR does not show that any of this third-party evidence is in this District.

All of the documents on which the parties have stated they will rely are in Israel or Switzerland, not the United States. Dkts. 59-1 and 59-2. OSR contends that most or all of the evidence located in Israel is electronic "and may be transferred 'with relative ease' and so 'bears no burden on this . . . analysis.'" Dkt. 60 at 27 (quoting *Perforaciones Maritimas Mexicanas S.A. de C.V. v. Seacor Holdings, Inc.*, 443 F. Supp. 2d 825, 835 (S.D. Tex. 2006)). Even so, it is germane to the convenience analysis that none of the relevant sources of proof are in this District.

12

## 2. Attendance of Witnesses

Similarly, OSR argues that "[v]irtually all critical third-party witnesses are located in *the U.S.* (or elsewhere outside of Israel)." Dkt. 60 at 29. But its Amended Initial Disclosures do not support this assertion. OSR identifies as witnesses six former REE employees; three of them live in the United States (two in New York, one in Michigan), while the other three are in Israel, Canada, and the United Kingdom. Dkt. 59-2 at 7-12. Other third-party witnesses OSR identifies are scattered across the United States and throughout the world, including in Japan, the United Kingdom, Germany, Canada, India, and France – *but not one* within the Western District of Texas. *Id.* at 12-17. REE, in turn, identifies 17 third parties as material witnesses. Dkts. 59-1 and 59-3. All of them live in Israel. *Id.*

## 3. Other Factors Affecting Ease, Speed, and Expense or Trial or Enforceability of Judgment

The third private interest factor, the opportunity to view the premises, is not relevant. *Logan*, 929 F. Supp. 2d at 634. As for any other relevant factors, REE submits evidence that the native language of its Israeli witnesses is Hebrew, and shows that trying the case "through interpreters and translated documents" would increase its expense and difficulty. Dkt. 34 at 15; Dkt. 59-3.

OSR, in turn, argues that it would be a hardship to sue in Israel, which would require it to pay an "absurdly high" $26.1 million in court fees, or one percent of the $2.6 billion in compensatory damages it seeks, and possibly also a bond. Dkt. 60 at 33; Dkt. 68 at 14. "However, courts have concluded repeatedly that the existence of filing fees does not render a forum inadequate." *Israel Disc. Bank*, 505 F. Supp. 2d at 659; *see also Stroitelstvo Bulgaria Ltd. v. Bulgarian-Am. Enter. Fund*, 589 F.3d 417, 424 (7th Cir. 2009) ("Federal courts have declined to find foreign forums inadequate based on filing fees similar to the 4% fee required [in Bulgaria].") (collecting cases); *Henderson v. Met. Bank & Trust Co.*, 502 F. Supp. 2d 372, 377-78 & n.41 (S.D.N.Y. 2007) ("[I]t

is well established that a forum is not inadequate as a matter of law merely because it requires a filing fee proportionate to the damages that the plaintiff seeks, even if the plaintiff cannot pay the filing fee.") (collecting cases). Nor does OSR show that it cannot afford this fee or support the assertion it would impose a financial hardship. *See* Dkt. 60 at 33; *Erausquin v. Notz, Stucki Mgmt. (Bermuda) Ltd.*, 806 F. Supp. 2d 712, 729 (S.D.N.Y. 2011) (rejecting argument that foreign filing fees and bonds favor domestic litigation when plaintiffs "fail to demonstrate their inability to afford them"); *cf. Sangeorzan v. Yangming Marine Transp. Corp.*, 951 F. Supp. 650, 654 (S.D. Tex. 1997) (denying motion to dismiss where plaintiffs would "have no way to pay" Taiwanese fees).

### 4. Conclusion as to Private Interest Factors

Most of the sources of proof are in Israel. Relevant third-party evidence may be scattered across this country and the globe, but is not within the Western District of Texas. Third-party witnesses live in the United States and various other countries, but even those located in Texas (in Fort Worth, Houston, and Stafford) are far outside the subpoena power of this Court. This Magistrate Judge finds that the balance of the private interest factors strongly support dismissal.

### C. Public Interest Factors Support Dismissal

If the private interest factors favor dismissal, a court need proceed no further. *Baumgart*, 981 F.2d at 837; *Morales*, 313 F. Supp. 2d at 674. Although the parties devote relatively little of their briefing to the public interest factors, the Court briefly addresses their arguments.

The Court finds the first factor, court congestion, to be neutral. While the judges of the Western District are among the busiest in the United States, OSR submits evidence that the Israeli courts "are also significantly overburdened." Declaration of Avi Ordo, Dkt. 37-14 ¶ 39.

The Court reaches the same conclusion as to the third and fourth factors, issues of foreign law. The parties vigorously dispute what substantive law will apply to this dispute. OSR argues that it is U.S. law – the DTSA and Texas law – while REE contends that Israeli law will apply because that forum has the most significant relationship to the parties and alleged misappropriation. REE has not met its burden to show that the third and fourth factors weigh in favor of dismissal.

Finally, the second and fifth public interest factors focus on the local interest in this case and the unfairness of burdening citizens in an unrelated forum with jury duty. OSR alleges that REE used trade secrets misappropriated from OSR to enter into an eight-year economic development performance agreement with the city of Pflugerville, Texas, a suburb of Austin, and intends to produce its EV platform at its North American headquarters and "integration center" or manufacturing plant there. Dkt. 28 ¶¶ 48, 216; Dkt. 60 at 16. REE states in a press release that it will obtain up to $1 million in grants if it invests $24.75 million, expands into a 120,000-square-foot facility, and employs at least 125 full-time jobs throughout the eight-year term of the Pflugerville agreement. Dkt. 59-10. REE points out that the Pflugerville agreement is only with REE USA, not REE Automotive or REE Holding, and that REE USA "has no principal office or facility anywhere in the U.S. Indeed, REE USA has 17 employees in total who operate remotely from several different locations in the U.S., including Texas, Michigan, and California." Tech Decl. ¶ 5, Dkt. 34-1. Tech avers that the "integration center" is not operational; no certificate of occupancy has been issued for it; and REE USA is not manufacturing any products in Texas and has no business license to do so. *Id.*

The Court finds that this is an Israeli dispute, not a controversy localized to this District, and REE USA's plans in Pflugerville create little or no local interest in having this case resolved here. Israel – where most of the parties are based, the relevant activities took place, and a related criminal

15

investigation is underway – has a much stronger interest. *Ibarra v. Orica USA, Inc.*, No. DR-09-CV-059-AM/VRG (consolidated), 2011 WL 13180231, at *13 (W.D. Tex. Sept. 21, 2011) (dismissing case for *forum non conveniens*). As REE argues: "At its core, this is a dispute between two Israeli businesses over trade secrets that were developed and allegedly stolen in Israel by Israeli employees. Israel clearly has the greater interest in resolving that dispute." Dkt. 61 at 23. The Court also finds that it would be unfair to burden citizens of this District with jury duty, considering that the dispute is almost entirely unrelated to this forum. *Ibarra*, 2011 WL 13180231 at *14. Because the second and fifth factors heavily favor dismissal, on balance, the public interest factors support dismissal as well.

### D.  Conclusion as to Forum Non Conveniens

Considering all the parties' arguments and evidence, the Court finds that OSR's choice of this forum is not based on its convenience and is entitled to relatively less weight because both Plaintiffs are foreign corporations. *Blum*, 547 F. Supp. 2d at 726. REE has satisfied its burden to show that an alternative forum is available and adequate, the relevant private interests heavily outweigh the deference owed to OSR's forum choice, and proceeding in this Court would impose an undue burden on REE and citizens of the Western District. Trial in Israel will "best serve the convenience of the parties and the ends of justice." *Path to Riches*, 290 F. Supp. 3d at 295.

## V.  Order

For the reasons stated, the Court **DENIES** Defendants' Unopposed Motion to File under Seal (Dkt. 64) and **GRANTS IN PART** Plaintiffs' Partially Opposed Motion to Strike Or, Alternatively, for Leave to File a Sur-Reply in Further Opposition to Defendants' Motion to Dismiss (Dkt. 66).

The Clerk of Court is hereby **ORDERED** to (1) strike the documents filed at Dkts. 64-1 and 64-3 from the record, and (2) file OSR's Proposed Sur-Reply (Dkt. 68 (redacted)) and supplemental declaration in support (Dkt. 66-2) in the docket of this case.

## VI.     Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Dismiss Amended Complaint for Forum Non Conveniens, Lack of Personal Jurisdiction, and Statutes of Limitations (Dkt. 34) and **DISMISS FOR *FORUM NON CONVENIENS*** all claims by Plaintiffs OSR Enterprises AG and OSR R&E Israel Ltd. against Defendants REE Automotive Ltd., REE Automotive Holding, Inc., and REE Automotive USA Inc.

This Magistrate Judge further **RECOMMENDS** that (1) the District Court permit the parties to return to this Court should the lawsuit become impossible in Israel, and (2) if the courts of Israel refuse to accept jurisdiction of this case for reasons other than Plaintiffs' refusal to pursue an action or to comply with the procedural requirements of Israeli courts, on timely notification, the Court may reassert jurisdiction.

**IT IS FURTHER ORDERED** that this case be **REMOVED** from this Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Alan D. Albright.

## VII.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 4, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE